### ZAGARINO et al. v. KURZROK.

(Supreme Court, Appellate Division, Second Department. December 10, 1909.)

1. FRAUD (§ 4*)—MISREPRESENTATIONS—INTENT.

　Misrepresentations by defendant, a lessee of premises, when approached by plaintiffs, seeking a lease, that he was owner thereof, though a ground of rescission of the lease, will not sustain an action for deceit, in the absence of an intent to deceive.

　[Ed. Note.—For other cases, see Fraud, Cent. Dig. § 2; Dec. Dig. § 4.*]

2. FRAUD (§ 58*)—INTENT—EVIDENCE.

　Where the statement of a lessee that he is owner of the premises was so related to the negotiations for a lease by plaintiff as to be consistent with an honest intent, an intent to deceive cannot be found therefrom.

　[Ed. Note.—For other cases, see Fraud, Dec. Dig. § 58.*]

Appeal from Trial Term, Kings County.

Action by Frank Zagarino and James Lapenna against Max Kurzrok. From a judgment for plaintiffs, and an order denying a motion for a new trial, defendant appeals. Reversed.

See, also, 117 N. Y. Supp. 1151.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, THOMAS, and MILLER, JJ.

Alonzo G. McLaughlin (Leo C. Stern, on the brief), for appellant.
Edmund F. Driggs, for respondents.

THOMAS, J. The complaint charges that the defendant, knowing that he was not such, represented to the plaintiffs that he was the owner of a store, and that, relying thereon, plaintiffs took a lease thereof for a café, fitted the premises therefor, and were unable to obtain a license on account of such misrepresentation, to their damage in the loss arising from such outlay. The plaintiffs' evidence, denied by defendant, is that, to their introductory inquiry whether the defendant owned the store, the latter answered: "Yes; what can I do for you?"

Negotiations, extending through some days, resulted in a lease for a café for 10 years. Admittedly defendant questioned plaintiffs' ability to get a license, but, as they say, limited his doubts by a reference to possible objections from residents, which the bonding company later investigated, and reported favorably to the plaintiffs. The plaintiffs took no further steps for procuring the license until they had fitted, stocked, and manned the café, when they asked the defendant, as owner, to sign a consent for a license, and thereupon he advised them that he would sign, not as owner, but as lessee, which he was for a term of 21 years. As the owner would not sign, the plaintiffs' enterprise failed.

The defendant's statement that he was the owner is not characterized as fraudulent in the complaint, nor was the question of fraud submitted to the jury. Proof of mere misrepresentation as to ownership may demand rescission of a contract, but will not sustain an action for deceit, in the absence of allegation, sufficient evidence, and finding of intent to deceive. Wakeman v. Dalley, 51 N. Y. 27, 10 Am. Rep. 551; McIntyre v. Buell, 132 N. Y. 192, 30 N. E. 396. The defendant, the owner of a long term of years, might in reply to an initial inquiry state that he was the owner, and so he would be for all usual purposes, including that of leasing the premises. He had the title for leasing, with all beneficial covenants. At the instant of such statement the object of the inquiry was not stated, nor was defendant's answer directed to the question of leasing, or the negotiations that preceded it; and much less did it refer to the subject of obtaining a license or consent therefor. The statement was the answer of a busy man, charged with large interests, to a preliminary inquiry from strangers, entering his place of business and accosting him; and if upon it the plaintiffs predicated a cause of action for fraud, they should have presented that issue to the trial court, and evidence to sustain it. I think, however, that the evidence would not have justified submission of that question, or any question, to the jury. The defendant's statement was in such a sense true, and was so related to the negotiations for the lease as to be consistent with an honest intent, and in such case guilt cannot be found. McIntyre v. Buell, supra, 132 N. Y. 198, 30 N. E. 396.

Moreover, the plaintiffs were not justified in relying upon it and fitting the store. The defendant did not promise to sign the consent for a license. The inference from his letting the store for a café was that he would consent; but he was not legally bound to supplement the lease by signing the consent. In any case it was the duty of the plaintiffs to procure their license before fitting the premises, and as a step thereto to secure, or to attempt to secure, the defendant's consent, if they relied upon his ownership. It does not appear that a license would have been granted them, irrespective of the owner's action. They blindly made an extravagant expenditure, without even seeking to procure the consent to a license by defendant in the represented capacity. Their orderless and rash act should not place the loss upon the defendant.

The judgment and order should be reversed, and a new trial granted; costs to abide the event. All concur.